Edmundo Robaina (No. 018125)
Gregory Stoltz (No. 027519)
ROBAINA & KRESIN PLLC
2730 East Broadway Blvd., Suite 160
Tucson, Arizona 85716
Telephone: (520) 822-8393
Facsimile:  (520) 844-1011
epr@robainalaw.com
gis@robainalaw.com

Attorneys for Plaintiff John Shorter

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Shorter, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Bapsjogi Investment, LLC and Dinesh Patel, | **(Jury Trial Demanded)** |
| Defendants. | |

Plaintiff John Shorter ("Shorter") for his Complaint against Defendant Bapsjogi Investment, LLC ("Bapsjogi") and Defendant Dinesh Patel ("Patel") (Collectively "Defendants") alleges as follows:

1.      This is a minimum wage and tortious interference with business expectancy case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.,* and Arizona common law.

2.      Shorter is, and at all relevant times was, a resident of Cochise County, Arizona, and he worked for Defendants in Cochise County, Arizona.

3.      Bapsjogi is an Arizona Limited Liability Company that was at relevant times the owner and operator of the Days Inn, Sierra Vista (the "Days Inn") in Sierra Vista, Arizona.

4.      Patel is an Arizona resident and is, upon information and belief, a married man. At all relevant times, Patel was acting on behalf of his marital community, and all

allegations against Patel are made against his marital community.

5.      This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1131, and 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) (2) because Defendants caused events to occur in Cochise County, Arizona out of which Shorter's claims arise.

7.      From December 2012 to February 2016, Defendants employed Shorter as general manager of the Days Inn.

8.      Patel held himself out as the owner of the Days Inn and was Shorter's direct supervisor.

9.      Patel was the only person who directed Shorter's work and dictated the terms of Shorter's employment at the Days Inn.

10.      Shorter was the only employee of Defendants who was trained to manage the Days Inn.

11.      Shorter was responsible for the day-to-day operation of the Days Inn, which included helping hotel guests, creating the schedule for the other employees, maintaining the payroll, and interacting with the franchisor.

12.      One of the conditions of Shorter's employment at the Days Inn was that Shorter was required to live on the premises of the hotel and be immediately available for hotel business at all times.

13.      As a result, Shorter worked 7 days a week and received no vacation days or sick leave.

14.      Shorter performed actual work for the hotel approximately 18 hours a day and was "engaged to wait" during the remaining hours.

15.      Shorter regularly began his days at 11:00 a.m. and worked until 5:00 a.m. the following day.  During those hours, Shorter was the sole employee who staffed the front desk of the Days Inn.  As a condition of his employment, he was not allowed to leave the property for any reason during that 18 hour period.

16.      From 5:00 a.m. until 11:00 a.m., another employee staffed the desk. During

that time, Shorter regularly conducted other hotel business such as inspecting rooms and purchasing supplies. This was the only window of time during the day that Defendants allowed him to leave the hotel property.

17.     After 11:00 p.m., the front office was closed and the door was locked.

18.     A doorbell on the front door to the hotel rang directly in Shorter's apartment, which was next to front desk.

19.     Any guests arriving after 11:00 p.m. would ring the doorbell and this would wake Shorter up, whereupon he would walk to the desk and assist the customer.

20.     Shorter slept in a sweat suit every night because he never knew when he would be awakened and have to interact with customers.

21.     Shorter estimates that he was awakened to help customers at least once a night on twenty nights out of the month. On some of those nights, he would be awakened 3 or 4 times between 11:00 p.m. and 5:00 a.m.

22.     Shorter was expected to respond to the doorbell or the phone immediately at all times.  This severely limited Shorter's ability to engage in his own pursuits.

23.     Throughout Shorter's employment, Defendants paid him a fixed salary. This salary increased over Shorter's tenure from an annual equivalent of $19,199 in 2012 incrementally to an annual equivalent of $31,400 in 2015.

24.     In or about February, 2016, Shorter learned that Defendants were going to sell the Days Inn.

25.     On or about February 20, 2016, Patel advised Shorter that the new owners did not intend to continue Shorter's employment with the Days Inn and that he was effectively terminated.

26.     Patel further told Shorter that he needed to vacate the property before February 24, 2016, when the change of ownership would occur.

27.     Patel then offered Shorter a position at one of his other hotels, which, among other things, would have required Shorter to either move out of Sierra Vista or commute over 70 miles each way.

28.     On February 21, 2016, Shorter received an email from Mike Sprinkle, a broker who was involved in the sale of the Days Inn.  Sprinkle indicated that the son of the new owner, Luis Mireles, was going to replace Shorter as the manager of the Days Inn. The email also indicated that all other employees of the hotel were being retained; Shorter was to be the only one terminated.

29.     On or about February 24, 2016, Shorter spoke directly with Mireles at the front desk of the Days Inn.  Mireles told Shorter that Patel had informed him that Shorter had quit his job and refused to help with the transition of ownership.

30.     Mireles further stated that he had intended to employ Shorter for at least six months, but that when he learned that Shorter had (supposedly) quit, Mireles hired a family member to manage the hotel. As a result, there was no longer a position available for Shorter.

31.     Shorter never told Patel that he was quitting his job, and never refused to help with the transition of ownership, prior to learning of Patel's deception.

32.     In fact, Shorter had intended to keep the job as long as possible.

33.     Upon information and belief, Patel lied to Mireles about Shorter's supposed resignation and supposed unwillingness to help with the transition in an effort to force Shorter to accept his job offer at one of Patel's other hotels.

34.     As a result of Patel's actions, Shorter lost six months of potential employment and was forced to vacate his residence at the Days Inn.

35.     In addition, Shorter was required to obtain an apartment for himself and his family on short notice and at considerable expense.

36.     Upon learning of Patel's deception, Shorter suffered significant mental anguish and emotional distress.

### COUNT ONE

### (Minimum Wage Violations under the Fair Labor Standards Act)

37.     Shorter incorporates herein all previous allegations in this Complaint.

4

38.     At all relevant times, Defendants were joint employers of Shorter under the FLSA.

39.     At all relevant times, Shorter was an employee covered under the FLSA.

40.     Defendants failed to pay Shorter the applicable minimum wage for all hours worked in violation of the FLSA.

41.     Defendants' conduct described above was willful, and occurred as a continuing course of employer conduct.

42.     Shorter is entitled to recover his minimum wages due and an equal amount as liquidated damages.

43.     Shorter is entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff John Shorter prays for judgment in his favor and against Defendants Bapsjogi Investment, LLC and Dinesh Patel, and asks the Court to:

A.     Award Shorter unpaid minimum wages and pre-judgment interest thereon and other appropriate relief necessary to make Shorter whole and compensate his for the legal violations described above;

B.     Award Shorter liquidated damages;

C.     Award Shorter attorneys' fees pursuant to 29 U.S.C. § 216, and related expenses;

D.     Award Shorter post-judgment interest; and

E.     Award Shorter such other relief as the Court may deem just and proper.

## COUNT TWO

### (Minimum Wage Violations under the Arizona Minimum Wage Act)

44.     Shorter incorporates herein all previous allegations in this Complaint.

45.     At all relevant times, Shorter was an employee under the Arizona Minimum Wage Act, A.R.S. § 23-362 *et seq.*

46.     At all relevant times, Defendants were Shorter's joint employers under the Arizona Minimum Wage Act, A.R.S. § 23-362 *et seq.*

47.     Defendants failed to pay Shorter the applicable minimum wage for all hours worked, as required by A.R.S. § 23-362.

48.     Defendants' conduct described above was willful, and occurred as a continuing course of employer conduct.

49.     Pursuant to A.R.S. § 23-364, Shorter is entitled to recover the balance of the minimum wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages.

50.     Shorter also is entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

WHEREFORE, Plaintiff John Shorter prays for judgment in his favor and against Defendants Bapsjogi Investment, LLC and Dinesh Patel, and asks the Court to:

A.      Award Shorter unpaid minimum wages and pre-judgment interest thereon and other appropriate relief necessary to make Shorter whole and compensate his for the legal violations described above;

B.      Award Shorter an amount equal to twice the underpaid wages;

C.      Award Shorter attorneys' fees and related expenses pursuant to A.R.S. §23-364;

D.      Award Shorter post-judgment interest; and

E.      Award Shorter such other relief as the Court may deem just and proper.

## COUNT THREE

### (Tortious Interference with Prospective Economic Advantage)

51.     Shorter incorporates herein all previous allegations in this Complaint.

52.     Shorter had a business expectancy to continue to work at the Days Inn once Luis Mireles assumed ownership for at least six months of continued employment and housing.

53.     Defendants knew about the business expectancy because it arose from a contract between Bapsjogi and Luis Mireles.

54.     Defendants intentionally interfered with Shorter's business expectancy with

Luis Mireles which caused a termination of that expectancy.  Defendants did so when Patel told Mireles that Shorter had quit, which was patently false and lead to Mireles hiring someone else.

55.    Defendants' conduct was improper because they knew the falsity of the statement that Shorter had quit and refused to cooperate with the transition and they knew it would result in Shorter's loss of the expectancy.

56.    As a direct result of Defendants' conduct described above, Shorter suffered damages and is entitled to compensation for all his losses that resulted from this tortious conduct.

57.    Because Defendants acted with malice, spite, ill will, or reckless indifference, Shorter is entitled to punitive damages.

WHEREFORE, Plaintiff John Shorter prays for judgment against Defendants Bapsjogi Investment, LLC and Dinesh Patel, and asks the Court to:

A.    Award Shorter compensatory damages for all pecuniary losses and for emotional distress;

B.    Award Shorter punitive damages;

C.    Award Shorter pre-judgment and post-judgment interest;

D.    Award Shorter costs of suit incurred herein; and,

E.    Award Shorter such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of March, 2016.

ROBAINA & KRESIN PLLC


By /s/ Edmundo Robaina
Edmundo Robaina
Gregory Stoltz
Attorneys for Plaintiff John Shorter

1
2
3

## DEMAND FOR JURY TRIAL

4
5

Plaintiff John Shorter hereby demands a jury trial as provided by Rule 38(a) of the

Federal Rules of Civil Procedure.

6

RESPECTFULLY SUBMITTED this 31st day of March, 2016.

7
8

ROBAINA & KRESIN PLLC

9

By */s/* Edmundo Robaina

10
Edmundo Robaina
Gregory Stoltz

11
Attorneys for Plaintiff John Shorter

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28